UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

ANDRE BARNES,

                              Petitioner,                     17-CV-6813-FPG

v.                                                       DECISION AND ORDER

AUSA MELISSA M. MARANGOLA,

                              Respondent.
───────────────────────────────────────

## INTRODUCTION

*Pro se* Petitioner Andre Barnes, who is currently detained in Livingston County Jail, filed this action pursuant to 28 U.S.C. § 2241 and contends that his continued detention in Respondent's custody is unlawful. ECF No. 1. On March 31, 2016, the Government filed a four-count federal indictment charging Petitioner with violations of 18 U.S.C. §§ 1591(a), (b)(1), (b)(2), and 1594(c). Petitioner is awaiting trial before this Court on those charges, *see* 16-CR-6029-DGL-JWF. ECF No. 22. The Petition is dismissed without prejudice for the reasons set forth below.

## DISCUSSION

Petitioner seeks dismissal of the indictment for "want of jurisdiction," raising grounds of lack of personal and subject-matter jurisdiction, speedy trial violations, and lack of consent to magistrate jurisdiction, and a writ of prohibition "precluding AUSA from proceeding against [him]." ECF No. 1 at 7. Because Petitioner's request, if granted, "would be dispositive of the underlying criminal charges for which he has been indicted, he must exhaust his claims at trial and on direct appeal before he can assert them in a habeas action." *Morrow v. Terrell*, 715 F. Supp. 2d 479, 480 (S.D.N.Y. 2010) (citing *Johnson v. Ashcroft*, 40 F. App'x 633, 634 (2d Cir. 2002) (summary order) ("Even if we construe Johnson's *pro se* petition liberally so as to conclude that it

seeks relief from the Bureau of Prisons, we find that the petition would be premature because, at the time Johnson submitted the petition, his criminal trial had not yet commenced.")); *see also Garcon v. Palm Beach Cnty. Sheriff's Office*, 291 F. App'x 225, 226 (11th Cir. 2008) (holding that a federal pretrial detainee's Section 2241 petition is premature where his claims are properly brought during his criminal case and on direct appeal).

## **CONCLUSION**

For the reasons stated, Petitioner's application for a writ of habeas corpus (ECF No. 1) is dismissed without prejudice. Because Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), no certificate of appealability shall issue.[1] The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore leave to appeal as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962).

IT IS SO ORDERED.

Dated: December 22, 2017
      Rochester, New York

                                        HON. FRANK P. GERACI, JR.
                                        Chief Judge
                                        United States District Court

---

[1] Although "[i]t is somewhat unclear whether a certificate of appealability would be required for [a section 2241 petitioner] to appeal from the Court's decision . . . [t]o the extent that a certificate of appealability would be required . . . it shall not issue." *Cotona v. Fed. Bureau of Prisons*, No. 13 CIV. 609 JMF, 2013 WL 5526238, at *2 (S.D.N.Y. Oct. 7, 2013) (comparing cases).